IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION



| | |
|---|---|
| ERIC WASINGER,<br>    *Plaintiff*<br><br>v.<br><br>LEVI STRAUSS & CO.<br>    *Defendant*. | §<br>§<br>§<br>§  NO. SA-01-CA-01056-RF[1]<br>§  Western District of Texas<br>§  San Antonio Division<br>§  3:05mc3251-F<br>§ |

**PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM**

Pursuant to FED. R. CIV. P. 45(3)(A), Plaintiff moves to quash a subpoena duces tecum served by Defendant, Levi Strauss & Co. upon Dr. David M. Hall (hereinafter, "Dr. Hall" or "the Witness") who resides at 533 Jasmine Lane, Auburn, Alabama 36830. As grounds, Plaintiff shows as follows:

1.    This is a patent infringement suit, pending in the United States District Court for the Western District of Texas. Dr. Hall is a co-inventor of the patent in issue, United States Patent No. 5,366,510 (the " '510 Patent"). Dr. Hall is presently listed as one of Plaintiff's experts. He was previously deposed in this case in October and November 2002.

2.    Without notice or prior consultation with Plaintiff's counsel, Defendant served a subpoena for records through the Clerk of this District, commanding Dr. Hall to deliver every document, textbook or other paper he has ever authored, read or even to which he might have been exposed, over a period of some 40 years. There is no request for a deposition of Dr. Hall, only his records. A copy of the subpoena is attached and incorporated by reference.

---

[1] This Motion concerns a case pending in a district other than the one in which said Motion is filed. Concurrently with the filing of this Motion to Quash, Plaintiff (as Movant) is filing a Motion for Protective Order in the principal action, which is pending before the Hon. W. Royal Furgeson, United States District Judge, Western District of Texas, San Antonio Division.

3.  As the court will readily observe, the subpoena is "over the top" in its breadth and scope. Virtually every requested document or category of documents is excessively broad, oppressive and virtually overwhelming. In 30 categories of documents, Levis demands production of such broad categories of documents as:

- "No. 1 – All documents concerning the use of a reducing agent to decolorize and/or desize fabric and/or garments, including any experimentation or testing conducted by you, Mr. Wasinger or *any person anywhere in the world . . .*"(italics added).
- "No. 7 – All documents concerning any communication or writing by you, whether published or unpublished, regarding the use of reducing agents with dyed and/or sized fabrics and/or garments"
- "No. 8 – All books, papers, articles, and writings you have published or presented including but not limited to those listed in the resume marked as Exhibit 15 to your deposition in this matter."

As seen by the rather lengthy *curriculum vitae* which accompanies the subpoena, Dr. Hall is the inventor (or co-inventor) of some 30+ patents in fiber or textile related processes. He has authored at least 50 research papers, many of them in fields directly or at least indirectly related to the subject. He has published approximately 30 "state of the art" papers in related fields. He has taught/participated in literally dozens of seminars and presentations over the course of his distinguished career.

4.  In another group of similarly excessive requests, Levis seeks:

- "No. 22 – All documents which you believe support the validity of the '510 Patent, including any evidence of novelty and/or non-obviousness." This request conceivably covers virtually any piece of paper Dr. Hall has ever read in his professional career. It is

manifestly oppressive and burdensome to command him to locate, index and deliver an entire career's worth of professional work.

- "No. 24. – All textbooks used in the courses you taught at Auburn University;"
- "No. 25 – All written materials (including but not limited to syllabi; handouts; course readers; and class, personal, and lectured notes) used in the courses you taught at Auburn University."

Dr. Hall first started his teaching career at Auburn University in 1965. Is he really supposed to dig up 40 years worth of textbooks, class notes, *etc.*, to satisfy this absurd demand? Even his being a designated expert does not inherently open the door to requiring him to comply with a sweepingly broad production request that is not reasonably restricted to the issues at hand.

5.  In still another category, Levis even demands Dr. Hall produce his copies of certain standard reference texts, *e.g.*:

- "No. 27 – *The Chemical Technology of Dyeing and Finishing* [E.R. Trotman]"
- "No. 28 – *The Wellington Sears Handbook of Industrial Textiles.*"

These books are easily available to Levis.

6.  Examining the overall scope of the requested documents, it becomes evident that Levis now wants to disregard its own demand that "All new written discovery, if any, shall be narrowly tailored and focused." Levis made strenuous objections at a docket control conference on January 6, 2005, wherein it argued, in effect, that *no* discovery should be allowed. Having lost that argument, Levis next argued that such discovery as may be allowed must be very narrow and limited. Dr. Hall was already deposed on two separate occasions in this case[2] for a

---

[2] The depositions were taken on Oct. 31, 2002 (for 4 hours and 32 minutes) and Nov. 14, 2002 (for about 2 hours and 20 minutes).

total of just under the allowable seven hours. He was already required to produce all of his records relating to his engagement as an expert witness and any testing of Levi Strauss garments on that occasion. There is nothing in the docket control order which would suggest that Levis has *carte blanche* to demand *any* additional records from Dr. Hall, much less those items which it already had opportunity to examine.

In consideration of whether a subpoena places an undue burden on the party subpoenaed, it has been stated that "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed" should be considered. *United States v. International Business Machines Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

7.  Besides being patently oppressive, the subpoena purports to "instruct" the witness as follows:

. . .

5.  If you know of the existence, past or present, of any document or tangible thing described in the following requests, but are unable to produce such document or tangible thing because it is not presently in your possession, custody or control, then identify each and every such document or tangible thing, state that it is not presently in your possession, custody or control, and state what disposition was made of it, by whom, the date(s) or approximate date(s) on which disposition was made and why such disposition was made, and the identity of the person(s) who now has or may have possession, custody or control.

The "instruction" is improper. Dr. Hall has not been subpoenaed for a deposition, nor does the subpoena accompany a set of written interrogatories. By what allowable discovery method is he supposed to comply with such instruction? So far as Plaintiff is able to discern, nothing in FED. R. CIV. P. 45 would appear to require such a statement.

8.      Under FED. R. CIV. P. 45, Plaintiff believes this court has the authority to quash the subpoena.[3]  A question arises, however, as to whether this motion must be presented to the Middle District of Alabama for consideration.  Given that this honorable court is essentially a conduit for the Texas court's jurisdiction, we suggest that the substantive venue of this motion lies before Judge Furgeson.  The case is pending there, and we respectfully submit that court is in the best position to determine which documents, if any, should be required.

For the reasons stated, Plaintiff requests the court enter its order protecting Plaintiff and its expert from excessive and oppressive discovery requests; that the court conduct a hearing, as necessary, to determine which, if any, of the categories of documents must be produced, and if so, under what conditions; and to extent appropriate, that the court quash the subpoena served upon Dr. David Hall; and that Plaintiff have such other relief to which it may be entitled.

Dated: May 10, 2005

Bernard Wm. Fischman[4]
State Bar No. 07043500
13300 Old Blanco Rd., Suite 175
San Antonio, Texas 78216
(210) 476-8484
(210) 476-8487 facsmile
Richard Tinsman
State Bar No. 20064000

---

[3] The Rule provides, in material part:

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
**(iv) subjects a person to undue burden.**

[4] In order to meet urgent deadlines, the undersigned counsel is filing this Motion without admission to practice before your honorable court.  I am inquiring as to the required procedures for such a motion, and if a motion for admission *pro hac vice* is required or appropriate, I will be filing same as promptly as reasonably possible.  We respectfully ask the court and Clerk's indulgence while these requirements, if any, are undertaken and met.

Tinsman, Scott & Sciano, Inc.
One Riverwalk Place, Suite 1400
San Antonio, Texas 78205
(210) 225-3121
(210) 225-3125 facsimile
Eric W. Cernyar
State Bar No. 24003644
Gunn & Lee, P.C.
One Riverwalk Place, Suite 1500
210/886-9500
210/886-9883 Fax
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of May 2005, two true and correct copies of the foregoing instrument were served on the following person(s) via one or more of the following means: email and/or certified mail, return receipt requested.

Mr. Peter G. Carroll
Medlen & Carroll
300 Congress Street, Suite 404
Quincy, Massachusetts  02169
(617) 984-0616
(617) 984-0617 facsimile
Email: pgcarroll@medlencarroll.com

Mr. Mario Barrera
Bracewell & Patterson
800 One Alamo Center
106 S. St. Mary's, Suite 800
San Antonio, Texas  78205-3603
(210) 226-1166
(210) 564-5455 facsimile

Mr. J. Donald Best
Michael Best & Friedrich, LLP
One S. Pinckney St., Suite 700
Madison, WI 53703
(608) 257-3501
(608) 283-2275 (facsimile)
Email: jdbest@michaelbest.com

Bernard Wm. Fischman